**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FRANK MUSIC CORP., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-04-0629-F |
| ) | |
| DEBORAH MAY SUGG and LEON ) | |
| SUGG, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff's Motion for Summary Judgment, filed April 21, 2005, is before the court (docket entry no. 20). Defendants have responded, and the motion is ready for determination.

This is a copyright infringement action alleging unauthorized public performance of six copyrighted musical compositions at the defendants' place of business, an entertainment, accommodation, amusement, and refreshment club known as Don Quixote's, or Don Quixote's Lounge. Plaintiffs allege that they own the copyrights to the six songs in question. They seek three types of relief for the alleged infringements: statutory damages, recovery of plaintiffs' costs and reasonable attorneys' fees, and injunctive relief.

### Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists

when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## Liability for Copyright Infringement

In their response to plaintiffs' well supported motion, defendants forthrightly state that they do not dispute plaintiffs' entitlement to summary adjudication in plaintiffs' favor on the issue of whether infringement occurred. Defendants do not take issue with any of plaintiffs' proposed undisputed facts and they have not responded to plaintiffs' requests for admissions. With respect to the liability issue, and having carefully reviewed the parties' submissions, the record, and the relevant arguments and authorities, the court finds that defendants have confessed this issue and that it is appropriate to grant summary judgment on the liability issue under the standards of Rule 56.

## Relief Requested

a. Statutory Damages

Title 17 U.S.C. § 504 provides that, instead of actual damages and lost profits, a copyright owner may elect to recover an award of statutory damages for all infringements involved in the action with respect to one work, in a sum not less than $750 or more than $30,000, as the court considers just. As stated in Walden Music,

Inc. v. C.H.W., Inc., 1996 WL 254654, *5 (D. Kan. 1996), a case in which the court, at the summary judgment stage, analyzed and awarded statutory damages, injunctive relief, and attorneys' fees and costs, "The Court's discretion and sense of justice are controlling as to the sum of statutory damages to award within the given parameters." (In Walden, the court awarded $8,000 in statutory damages, calculated at $2,000 per infringement, noting that if defendants had paid the appropriate licence fees, they would have paid in excess of $2,500 in fees.)

Factors to be considered in determining the amount of statutory damages include the expenses saved (such as licensing fees) and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the infringing conduct, and the infringer's state of mind. *See, e.g.*, Boz Scaggs Music v. KND Corp., 491 F. Supp. 908, 914 (D. Conn. 1980) (another ASCAP case in which $1000 per each of 23 infringements was awarded, licensing fees would have totaled approximately $16,000); Walden, 1996 WL 254654 at *5 (quoting the above rule and Boz Scaggs). As one of the principles underlying the Copyright Act is deterrence and discouragement of wrongful conduct, a rule of liability which merely takes away profits would offer little discouragement to infringers. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952); *see also*, Badco Music, Inc. v. W.M.M., Inc., 1992 WL 407299, *5 (W.D.Okla. 1992) (Judge Russell awarding three times the minimum damage amount to insure that defendants are not better off than owners of establishments that comply with the law; also awarding costs of the action including a reasonable attorney fee).

Plaintiffs' motion also asks the court to award statutory damages to plaintiffs in the amount of $9,000. Defendants admit that some form of compensation is due to plaintiffs and request "that reasonable damages for past infringement be set by the court." Thus, the only statutory damages issue which remains is the question of what

amount of damages should be awarded, based on the above-stated standards and any other factors which should be considered here.

### b. Costs and Attorneys' Fees

Plaintiffs' motion also seeks an award of costs and attorneys' fees.

The rule in copyright cases is that attorneys' fees are awarded to prevailing parties as a matter of the court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Nonexclusive factors the court may consider when deciding whether to award prevailing party attorney fees in a copyright actions include frivolousness, motivation, objective unreasonableness of the case, and the need in particular circumstances to advance considerations of compensation and deterrence. Palladium Music, Inc. v. Eatsleepmusic, Inc., 398 F.3d 1193, 1200-01 (10th Cir. 2005). Some of the considerations which might apply to justify the *denial* of an award of fees are the presence of complex issues, defendants' status as innocent infringers, or a good faith attempt to avoid infringement. Boz Scaggs, 491 F. Supp. at 915. Fees are designed to penalize the losing party as well as to compensate the winning party. *Id*. *See also*, Walden, 1996 WL 254654 at *6, awarding costs and fees as "reasonable and appropriate for copyright litigation in this community and for this case in particular."

Defendants' response brief does not address, much less oppose, plaintiffs' motion for a summary judgment awarding plaintiffs' their costs and fees. Thus, the propriety of such an award has been confessed, and it is only the amount of that award which remains to be determined.

### c. Injunctive Relief

Finally, there is the question of what injunctive relief might be appropriate in this case. Defendants recognize that 17 U.S.C. § 502(a) provides that the court may grant injunctive relief to prevent infringement on such terms as the court deems reasonable. The nature of injunctive relief is a question which is left largely to the

court's discretion.  As observed in Walden, 1996 WL 254654 at *7-8, "While a matter of discretion, permanent injunctions are typically granted when both a past infringement and a continuing threat of infringement are shown."

Defendants argue that instead of shutting the defendants' club down, the court should order defendants to obtain the proper licensing within 30 days.  Defendants also make the unsupported assertion that their efforts to obtain the proper licensing have been thwarted since the filing of this lawsuit.  Although it is hard to imagine that *some* injunctive relief will not be necessary here given the admitted infringements, (for example, to at least enjoin any further infringements), the court is not able to determine from the filings it now has before it what type of injunctive might be most appropriate here.

### d.  Oral Argument Regarding Appropriate Relief

Given the court's considerable discretion with respect to what relief should be awarded in this action, and given the variety of factors which the court should consider before awarding such relief, especially at the summary judgment stage, the court finds that it would be helpful to entertain oral argument on this question before granting any of the requested relief.  Accordingly,  the question of what relief should be granted is set for oral argument on May 26, 2005, at 9:30 a.m.  Counsel should come prepared to offer practical suggestions tailored to the business realities facing these parties.  The purpose of the hearing will be to assist the court in its application of the legal standards discussed in this Order, in other words, to help the court determine precisely what relief is most reasonable and best serves the purposes of the Copyright Act in the particular circumstances of this case.  The court is of the opinion, at least as a preliminary matter, that it will not be necessary to receive evidence (as opposed to arguments of counsel) at the May 26 hearing because the existing factual record appears to be adequate.  However, if any party desires to present evidence, that

party shall file, not later than May 16, 2005, a motion for leave to present evidence at the May 26 hearing. If such a motion is filed, the court will likely set the matter for a prehearing conference on May 16 or 17.

## Conclusion

Plaintiffs' Motion for Summary Judgment is **GRANTED IN PART**. Plaintiffs are granted summary judgment on the issue of defendants' liability for copyright infringement as alleged in the Complaint. The only remaining issue is the question of to what relief plaintiffs are entitled. A ruling on that issue is **DEFERRED**.

Dated this 11th day of May, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0629p004(pub).wpd